IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMILY JEAN GATES,

                       Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

                       Defendant.

REPORT and
RECOMMENDATION

23-cv-99-wmc

---

      Plaintiff Emily Jean Gates seeks review of an Administrative Law Judge's ("ALJ") opinion denying her application for childhood disability benefits. Based on plaintiff's prior work and education history, medical examination reports, and independent novel writing venture, the ALJ concluded that plaintiff could perform several jobs in the national economy and so was not disabled. Plaintiff appealed the ALJ decision after the Social Security Appeals Council denied her application for review. Plaintiff now seeks remand, arguing the ALJ erred in assessing her mental limitations and accommodating them in her residual functional capacity, and because the vocation expert's testimony about the availability of jobs in the national economy was predicated on software that employs flawed statistical models.

      For the reasons given below, I recommend that plaintiff's motion for summary judgment seeking remand, Dkt. 8, be DENIED.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.

BACKGROUND

Plaintiff filed a claim for childhood disability benefits in July 2020, alleging she became disabled on May 1, 2015. Dkt. 4 at 302–03. In June 2022, plaintiff amended her alleged onset date to January 3, 2018. *Id.* at 40, 63, 369. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, which occurred in July 2022. *Id.* at 59–102. A vocational expert ("VE") testified at the hearing. *See id.*

**A. The ALJ's findings**

The ALJ who presided at the hearing issued an opinion and made findings under the five-step sequential evaluation process outlined in 20 C.F.R. 404.1520(a). The ALJ found that, prior to turning twenty-two years old, plaintiff had severe impairments including proteinuria, iron deficiency, scoliosis, depression, ADHD, panic attacks, social anxiety, anxiety, borderline personality disorder, autism spectrum disorder, PTSD, and a learning disorder. Dkt. 4 at 43. The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. 404.1520(d), 404.1525 & 404.1526, which would have rendered her disabled as a matter of law. *Id.*

The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work with limitations on climbing and working at unprotected heights and with dangerous machinery. *Id.* at 46. Plaintiff's RFC also stated plaintiff can understand, remember, and carry out simple instructions and requires regular work duties and expectations with occasional changes. *Id.* The ALJ restricted plaintiff to only occasional interaction with coworkers and no interaction with the public. *Id.*

Explaining how she determined plaintiff's RFC, the ALJ discussed plaintiff's mental health history. The ALJ noted plaintiff's issues with social interaction, including difficult

relationships with her family and quitting her part time data entry job due to difficulties with a particular coworker. *Id.* at 48. However, the ALJ also noted that, despite disruptive social issues, plaintiff reported liking her data entry job, was actively searching for another job, generally reported doing well, remained able to engage in normal day-to-day activities, and had been writing a novel in her spare time and was looking for a publisher. *Id.* at 47–49. Additionally, the ALJ pointed to several medical exam reports that found unremarkable mental health status, broadly average cognitive abilities, intact memory and attention/concentration, and routinely conservative treatment with no psychotropic medication. *Id.* Additionally, plaintiff had obtained her HSED in 2015 with honors and earned A grades in her technical college courses. *Id.* at 49.

The ALJ found partially persuasive certain exam reports and findings of state psychological consultant Dr. Jason Kocina, PsyD, who examined plaintiff in October 2020 and April 2021. *Id.* at 50. Dr. Kocina opined that, despite moderate limitations in her ability to concentrate, persist, or maintain pace ("CPP"), plaintiff would be able to complete a normal workday/workweek if limited to simple tasks. *Id.* Dr. Kocina reported that plaintiff could perform "at least 1–2 step tasks on a consistent, productive basis." *Id.* at 182. The ALJ found Dr. Kocina's findings were "largely consistent with the evidence during the relevant period and balance the claimant's subjective reports with her largely unremarkable mental status examinations, routine and conservative treatment, and range of activities," and specified that his findings were reflected in plaintiff's RFC. *Id.* at 50.

The ALJ discounted Dr. Daniel Davis's opinion that plaintiff had extreme CPP limitations, finding them minimally persuasive because the earliest date he assessed restrictions fell well after plaintiff had turned twenty-two years old, and because "claimant's report of

3

taking technical college classes in 2018, having friends, and being engaged to marry, is not consistent with a finding of extreme limitation in any domain of mental function." *Id.* at 51.

Having crafted plaintiff's RFC, the ALJ then determined that plaintiff has no past relevant work but, before turning twenty-two, could perform the job of mail clerk, office helper, or router, and so was not disabled. *Id.* at 52.

The ALJ denied plaintiff's application in August 2022. *Id.* at 37. Plaintiff appealed the decision, and the Appeals Council denied review in December 2022. *Id.* at 6. Plaintiff sought judicial review from this court under 42 U.S.C. § 405(g) in February 2023. Dkt. 1.

## LEGAL STANDARDS

The Social Security Act, 42 U.S.C. §§ 405(g) & 1382(c)(3), authorizes review of the Commissioner's final decision. Upon review, the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation and citation omitted); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (same). If the reviewing court can understand *how*, given the evidence, the ALJ reached their conclusions, and the conclusion is legally valid, the opinion must be affirmed. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). As such, the court's role is "extremely limited," and it may not reweigh evidence, make credibility determinations, or substitute its judgment for the ALJ's. *Crowell v. Kijakazi*, 72 F.4th 810, 814 (7th Cir. 2023).

Although parties and courts often analogize substantial evidence to a "logical bridge" that an ALJ must construct between the evidence and their conclusions, *see, e.g.*, Dkt. 9 at 14, the Seventh Circuit has cautioned district courts against conflating the metaphor with the standard—"the 'logical bridge' language in our caselaw is descriptive but does not alter the applicable substantial-evidence standard." *Brumbaugh v Saul*, 850 F. App'x 973, 977 (7th Cir. 2021) (citing *Biestek*, 587 U.S. at 99–100). Thus, there may be instances where a conclusion is adequately supported by substantial evidence sufficient for a meaningful review even without a step-by-step explanation of how the ALJ followed the evidence to arrive at the conclusion.

The court will "reverse only if the record 'compels' a contrary result." *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. 2010) (citation omitted). The Supreme Court has emphasized that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

ANALYSIS

Plaintiff makes two arguments in seeking remand. First, she argues that the ALJ broadly erred in assessing her concentration, persistence and pace (CPP) limitations and accounting for them in her RFC. Second, plaintiff argues that the VE's testimony about the methodology she used to estimate the availability of jobs in the national economy was flawed. The court addresses each in turn.

**A. Moderate limitations**

Plaintiff contends that the ALJ failed to explain with substantial evidence how her RFC reflects and accommodates her CPP limitations, focusing on three aspects of the ALJ's analysis. Dkt. 9 at 14.

1. **Finding moderate CPP limitations**

With her first argument, plaintiff contends the ALJ did not support with substantial evidence her conclusion that plaintiff's CPP issues were only moderate. Dkt. 9 at 9. Specifically, plaintiff argues that the ALJ impermissibly downplayed her CPP issues by alluding to plaintiff's novel writing, loss of employment for social rather than production issues, and one evaluation note reporting intact attention and concentration. *Id.* at 15. Plaintiff asserts it is error to impute an ability to perform work from individual progress on a novel or other daily activities unless those activities are performed under circumstances substantially similar to working conditions. *Id.*

The ALJ's assessment of plaintiff's CPP limitations is supported by substantial evidence in the context of the whole opinion and record. First off, the ALJ did not make an impermissible, one-to-one comparison of plaintiff's independent writing to her potential job duties. Rather, the ALJ found that plaintiff's dedication to her independent writing venture reflected a level of concentration, persistence, and focus incongruent with marked limitations. ALJs may and often do consider a claimant's daily activities when assessing their functional limitations. 20 C.F.R. § 404.1529(c)(3)(i) (daily activities are a factor in considering a claimant's subjective allegations); *see also, e.g., Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022) ("The ALJ did not err in considering . . . self-reported daily activities . . . Those activities were appropriately determined to be inconsistent with the severity and limitations of her claimed symptoms."). Moreover, the ALJ noted that plaintiff obtained A grades in several college courses in 2018. Further, the ALJ observed that plaintiff's previous work-related issues were social rather than owing to CPP limitations. Dkt. 4 at 49. In fact, the ALJ noted that plaintiff actually maintained and reported enjoying her part-time data entry job—a job that

6

requires at least a functional level of concentration—aside from the difficulties with her coworker. *Id.* Finally, the ALJ pointed out that most of plaintiff's testing and exam providers did not note any CPP issues, and Dr. Kocina explicitly opined plaintiff could perform simple tasks at an acceptable pace. *Id.* at 50.

While crediting some limitations on plaintiff's CPP abilities, the ALJ determined they were only moderate by relying on medical record evidence, plaintiff's prior work and education history, and her daily activities. Read in the context of the record as a whole, the ALJ provided sufficient reasoning to assure the court that their conclusion was not patently wrong. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021).

### 2. RFC's accommodation of moderate CPP limitations

Next, plaintiff argues that, assuming her CPP limitations are only moderate, the ALJ failed to articulate how her RFP's restriction to simple and routine work accommodated those limitations. Dkt. 9 at 14. Citing *Chojnacki v. Saul*, 19-CV-432-WMC, 2020 WL 1888246, at *3-4 (W.D. Wis. April 16, 2020), plaintiff contends that the ALJ needed to explain in greater detail how limiting plaintiff to simple, routine work sufficed to address all her CPP limitations. Without such an explanation, plaintiff concludes, the ALJ failed to provide substantial evidence for her conclusion that plaintiff could perform that type of work. *Id.* at 20.

The ALJ's RFC conclusions were premised on substantial evidence because the same evidence the ALJ cited in determining plaintiff's CPP limitations also justifies her RFC conclusions. In particular, plaintiff's previous data entry job and academic performance, her diligent novel writing, and the countervailing medical reports opining that plaintiff could perform simple tasks with acceptable attention, persistence, and pace, all support the conclusion that plaintiff could perform simple and routine work. Dkt. 4 at 48–50. The ALJ

7

specified these medical opinions were "reflected in the [RFC]." *Id.* Finally, in addition to limiting plaintiff to simple tasks, the ALJ specified that plaintiff "requires regular work duties and expectations with occasional changes," which further accommodates her CPP limitations.

This case is not analogous to *Chojnacki*. There, the ALJ found moderate CPP limitations in excess of what the state agency psychologists found but failed to offer any explanation as to how simply limiting the plaintiff to simple, routine tasks would accommodate them. *Id.* Rather, this case is analogous to *Milliken v. Astrue*, 397 F. App'x 218, 221 (7th Cir. 2010), which the *Chojnacki* court offered as an example of proper procedure. *Id.* In *Milliken*, the Seventh Circuit upheld an ALJ's finding that a claimant's CPP limitation was addressed by limiting her to "unskilled work tasks," which was supported by a medical expert's opinion that "despite claimant's [CPP] limitations, she could still perform unskilled work." *Milliken*, 397 F. App'x at 222. Like in *Milliken*, the ALJ here explicitly incorporated into her RFC the medical experts' opinions that, despite some CPP limitations, plaintiff could still perform simple and routine work at an acceptable pace.

The ALJ provided sufficient explanation to clear the low bar of substantial evidence, so the court may not disturb her findings on this matter.

### 3. Dr. Kocina's findings

Plaintiff argues that the ALJ ran afoul of Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996), which requires an ALJ to explain why a medical opinion was not adopted. Dkt. 9 at 16. Specifically, plaintiff asserts that Dr. Kocina found plaintiff capable of concentrating on one-to-two step tasks, but her RFC permitted jobs such as mail clerk and office helper, which involve more than two step tasks.[2] *Id.* at 17. But the report from Dr.

---

[2] Plaintiff cites 239.567-010 Office Helper, DICOT 239.567-010, part of the Dictionary of

Kocina that plaintiff cites in support states plaintiff can perform "at least 1–2 step tasks," Dkt. 4 at 182. So, one-to-two steps was a floor, not a ceiling. In that regard, the RFC crafted by the ALJ was consistent with Dr. Kocina's medical opinion, and SSR 96-8p is not applicable.

## B. VE's testimony and methodology

Plaintiff claims that this court should remand because, to derive job numbers, the VE used software that employed the "equal distribution method," which the Seventh Circuit has criticized for resting on unjustified assumptions about the distribution of jobs in the national economy. Dkt. 9 at 21 (quoting *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018)).

This argument is waived because, as plaintiff admits, she did not raise an objection to the VE's methodology at the hearing, which is required to preserve the objection for appeal. *Fetting v. Kijakazi*, 62 F.4th 332 (7th Cir. 2023) ("[A] claimant who does not object to a VE's testimony during the administrative hearing forfeits those objections."). Plaintiff's appeal to *Sims v. Apfel*, 530 U.S. 103, 105–06 (2000) is misplaced. That case held that claimants need not raise every issue in a request for review by the Appeals Council to raise those issues later upon judicial review. *Id.* The case does not alter or nullify the Seventh Circuit's requirement that claimants must object to the VE's methodology at the hearing to preserve the issue for appeal.

Even if plaintiff was not precluded from raising this issue for the first time here, her argument is not persuasive. Plaintiff contends the VE failed to support with substantial evidence the accuracy of the job numbers she determined, instead relying solely on JobBrowser Pro software. Dkt. 9 at 22. But the VE explained how she used JobBrowser Pro to refine

---

Occupational Titles, which includes definitions of different reasoning levels.

federally published employment statistics and labor market information, which she then refined further by using the Occupational Resource Survey and her own experience, education, and training, none of which was challenged by plaintiff during the hearing. *See* Dkt. 4 at 93–96. This explanation is "sufficiently cogent and thorough for the ALJ to rely on it," *Fetting*, 62 F.4th at 339, so, even if plaintiff's argument were preserved, the court would reject it.

RECOMMENDATION

Because the ALJ supported her conclusions with substantial evidence sufficient for this court to meaningfully review plaintiff's case, I RECCOMEND Judge Conley deny plaintiff's motion for summary judgement and remand, Dkt. 8.

Entered October 1, 2025.

                BY THE COURT:

                /s/

                _____
                ANITA MARIE BOOR
                Magistrate Judge